**LAQUER, URBAN, CLIFFORD & HODGE LLP**
Susan Graham Lovelace, State Bar No. 160913
   Email: *Lovelace@luch.com*
225 South Lake Avenue, Suite 200
Pasadena, California 91101-3030
Telephone: (626) 449-1882
Facsimile: (626) 449-1958

Counsel for Plaintiffs, Trustees of the Operating Engineers Pension Trust, et al.

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRUSTEES OF THE OPERATING ENGINEERS PENSION TRUST, TRUSTEES OF THE OPERATING ENGINEERS HEALTH AND WELFARE FUND, TRUSTEES OF THE OPERATING ENGINEERS VACATION-HOLIDAY SAVINGS TRUST, TRUSTEES OF THE OPERATING ENGINEERS TRAINING TRUST, TRUSTEES OF THE OPERATING ENGINEERS LOCAL 12 DEFINED CONTRIBUTION TRUST, TRUSTEES OF THE FUND FOR CONSTRUCTION INDUSTRY ADVANCEMENT, ENGINEERS CONTRACT COMPLIANCE COMMITTEE FUND, CONTRACT ADMINISTRATION FUND, SOUTHERN CALIFORNIA PARTNERSHIP FOR JOBS FUND, and OPERATING ENGINEERS WORKERS' COMPENSATION TRUST, | CASE NO.: 2:19-cv-6541 |
| | **COMPLAINT FOR:** |
| | 1. **BREACH OF WRITTEN COLLECTIVE BARGAINING AGREEMENT AND VIOLATION OF ERISA § 515 [29 U.S.C. § 1145]** |
| | 2. **BREACH OF CONTRACT (SETTLEMENT AGREEMENT)** |
| Plaintiffs, | |
| vs. | |

1

1364815

**COMPLAINT**

MIKE BUBALO CONSTRUCTION
CO., INC., a California corporation,

Defendant.

Plaintiffs, TRUSTEES OF THE OPERATING ENGINEERS PENSION TRUST, TRUSTEES OF THE OPERATING ENGINEERS HEALTH AND WELFARE FUND, TRUSTEES OF THE OPERATING ENGINEERS VACATION-HOLIDAY SAVINGS TRUST, TRUSTEES OF THE OPERATING ENGINEERS TRAINING TRUST, TRUSTEES OF THE OPERATING ENGINEERS LOCAL 12 DEFINED CONTRIBUTION TRUST, TRUSTEES OF THE FUND FOR CONSTRUCTION INDUSTRY ADVANCEMENT, ENGINEERS CONTRACT COMPLIANCE COMMITTEE FUND, CONTRACT ADMINISTRATION FUND, SOUTHERN CALIFORNIA PARTNERSHIP FOR JOBS FUND, and OPERATING ENGINEERS WORKERS' COMPENSATION TRUST, complain and allege:

## JURISDICTION AND VENUE

1.    This Court has jurisdiction of this case pursuant to section 502(e)(1) of the Employee Retirement Income Security Act of 1974, as amended ("ERISA") [29 U.S.C. § 1132(e)(1)], which grants the United States District Courts exclusive jurisdiction over civil actions brought by a fiduciary pursuant to section 502(a)(3) of ERISA [29 U.S.C. § 1132(a)(3)], to redress violations or enforce the terms of ERISA or an employee benefit plan governed by ERISA.  Such jurisdiction exists without respect to the amount in controversy or the citizenship of the parties, as provided in section 502(f) of ERISA [29 U.S.C. § 1132(f)].

2.    This Court also has jurisdiction of this case pursuant to section 301(a) of the Labor Management Relations Act of 1947, as amended ("LMRA") [29 U.S.C. § 185(a)], which grants the United States District Courts original jurisdiction over suits for violation of contracts between an employer and a labor organization in an

///

2

**COMPLAINT**

1  industry affecting commerce, without respect to the amount in controversy and the
2  citizenship of the parties.

3          3.      Venue is proper in this Court pursuant to section 502(e)(2) of ERISA [29
4  U.S.C. § 1132(e)(2)], and section 301(a) of the LMRA [29 U.S.C. § 185(a)], in that
5  this is the district in which the Plaintiffs' Trusts (defined below) are administered, the
6  signatory union maintains union offices, and where the contractual obligation is to be
7  paid.

8          4.      To the extent this Complaint sets forth any state law claims, this Court
9  has supplemental jurisdiction over those claims pursuant to 28 U.S.C. § 1367(a).

10                                        **PARTIES**

11          5.      Plaintiffs, Trustees of the Operating Engineers Pension Trust, Trustees of
12  the Operating Engineers Health and Welfare Fund, Trustees of the Operating
13  Engineers Vacation-Holiday Savings Trust, Trustees of the Operating Engineers
14  Training Trust, and Trustees of the Operating Engineers Local 12 Defined
15  Contribution Trust (collectively, the "Trustees"), are the trustees of four express trusts
16  (collectively, the "Trusts") created pursuant to written declarations of trust (the "Trust
17  Agreements") between the International Union of Operating Engineers, Local Union
18  No. 12 ("Local 12"), and various multiemployer associations in the construction
19  industry in Southern California and Southern Nevada. The Trusts are now, and were
20  at all times material to this action, labor-management multiemployer trusts created and
21  maintained pursuant to section 302(c)(5) of the LMRA [29 U.S.C. § 186(c)(5)]. The
22  Trustees, as trustees of the Trusts, are "fiduciar[ies]" with respect to the Trusts as
23  defined in section 3(21)(A) of ERISA [29 U.S.C. § 1002(21)(A)]. Plaintiff, Fund for
24  Construction Industry Advancement, is an employer established and administered
25  trust formed and created to protect and expand the interests of the construction
26  industry. Plaintiff, Engineers Contract Compliance Committee Fund, is established by
27  Local 12 in accordance with Section 6(b) of the Labor Management Cooperation Act
28  of 1978 in order to improve job security and organizational effectiveness. Plaintiff,

**COMPLAINT**

1364815

Contract Administration Fund, is an employer established fund for the purpose of protecting and promoting the interests and welfare of the construction industry, its individual employers, and employees.  Plaintiff, Southern California Partnership for Jobs Fund, is an industry-wide advancement fund established by the employers and Local 12.  Plaintiff Operating Engineers Workers' Compensation Trust is a trust fund established by Local 12 and certain employers to administer worker's compensation benefits.  Collectively, all plaintiffs are referred to herein as the "Plaintiffs."

6.     At all times material herein, Local 12 has been a labor organization representing employees in the building and construction industry in Southern California and Southern Nevada, and a labor organization representing employees in an industry affecting commerce within the meaning of § 301(a) of the Labor-Management Relations Act of 1947, as amended [29 U.S.C. § 185(a)].

7.     At all times material herein, Defendant, Mike Bubalo Construction Co., Inc., a California corporation ("Bubalo"), has been a corporation duly organized and existing by virtue of the laws of the State of California with its principal place of business located in Baldwin Park, California.

**BARGAINING AGREEMENT AND STATUS OF PARTIES**

8.     Since at least August 2012, and at all times material herein, Bubalo has been a member of the Engineering Contractors' Association ("ECA"), a multi-employer association, and thereby granted all bargaining authority to ECA.

9.     As a member of ECA, Bubalo is bound by the terms and conditions of the Master Labor Agreement (the "Master Agreement") in effect between Local 12 and ECA, as well as the incorporated Trust Agreements.  At all times material herein, the Master Agreement has been a written collective bargaining agreement in effect between ECA and Local 12.

10.     At all times material herein, Bubalo has been obligated to the terms and provisions of the Master Agreement and Trust Agreements.

///

1364815

**COMPLAINT**

11.     Bubalo is an "*employer*," as that term is understood in the Master Agreement and related Trust Agreements.

12.     Bubalo is an "*employer*" as defined and used in section 3(5) of ERISA [29 U.S.C. § 1002(5)], and therefore, Bubalo is "*obligated to make contributions to a multiemployer plan*" within the meaning of section 515 of ERISA [29 U.S.C. § 1145]. Plaintiffs are informed and believe, and thereon allege, that Bubalo is also an "*employer*" engaged in "*commerce*" in an "*industry affecting commerce*," as those terms are defined and used in sections 501(1) and 501(3) of the LMRA [29 U.S.C. § 142(1) and § 142(3)], and within the meaning and use of section 301(a) of the LMRA [29 U.S.C. § 185(a)].

## FIRST CLAIM FOR RELIEF

### Breach of Written Collective Bargaining Agreement and Violation of § 515 of ERISA [29 U.S.C. § 1145]

13.     Plaintiffs hereby incorporate by reference paragraphs 1 through 12 above to the same effect as if set forth here verbatim.

14.     Section 515 of ERISA [29 U.S.C. § 1145], provides *"[e]very employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or such agreement."*

15.     Bubalo is an "*employer*" as defined and used in § 3(5) of ERISA [29 U.S.C. § 1002(5)], and is *"obligated to make contributions to a multiemployer plan"* within the meaning and use of section 515 of ERISA [29 U.S.C. § 1145].

16.     By the terms and provisions of the Master Agreement and related Trust Agreements, and at all times material herein:

        (A)     Bubalo agreed to prepare and submit true, complete and accurate written monthly contribution reports ("Monthly Reports") to Plaintiffs on a timely basis showing the identities of its employees performing work covered by the Master

1364815

Agreement, the number of hours worked by or paid to these employees, and based upon the hours worked or amounts paid to employees, the proper calculation of the fringe benefit contributions due for such employees. The Monthly Reports are either submitted in hard copy or electronically through an online reporting portal.

(B) At all times material herein, Bubalo has been obligated to submit its Monthly Reports and pay its contributions to Plaintiffs at Plaintiffs' administrative offices in Pasadena, California, on or before the 10th day of each successive month;

(C) Bubalo agreed to permit Plaintiffs and their agents to conduct audits of payroll and related records in order to determine if fringe benefit contributions have been properly paid pursuant to the Master Agreement and related Trust Agreements; and

(D) Bubalo agreed to pay to Plaintiffs fringe benefit contributions, benefits and/or withholdings on a monthly basis, and at specified rates for each hour worked by, or paid to, applicable employees. These amounts are due and payable at Plaintiffs' administrative offices in Pasadena, California.

17. Bubalo submitted Monthly Reports to Plaintiffs reflecting work performed by Bubalo employees during the months of October 2018 through February 2019. By those Monthly Reports, Bubalo admitted that it owed Plaintiffs fringe benefit contributions totaling at least $132,376.52, but Bubalo failed to pay to Plaintiffs all of the fringe benefit contributions due in violation of the Master Agreement and Trust Agreements, and its statutorily-mandated obligation under section 515 of ERISA [29 U.S.C. § 1145], to timely pay fringe benefit contributions to Plaintiffs pursuant to the Master Agreement and related Trust Agreements for that work. Bubalo also failed to pay an additional $4,130.40 in contributions due to Plaintiffs pursuant to an audit completed in December 2018 covering the time period of August 2014 through 2018 (the "Audit"). Although Bubalo paid a portion of these sums due pursuant to the settlement discussed in the second claim for relief discussed

///

1364815

**COMPLAINT**

below, at least $33,643.84 remains due related to the Monthly Reports from October 2018 through February 2019, and the Audit.

18.     Plaintiffs are informed and believe, and thereon allege, that Bubalo has failed to pay or timely pay certain additional amounts of fringe benefit contributions not presently known to Plaintiffs due for work performed from March 2019 forward. These additional amounts will be established by proof.

19.     Bubalo is a "*delinquent*," as that term is used in the Master Agreement and related Trust Agreements.

20.     Plaintiffs are informed and believe, and thereon allege, that there is no legal excuse for Bubalo's breach of its obligations under the Master Agreement and related Trust Agreements in violation of section 515 of ERISA [29 U.S.C. § 1145].

21.     Bubalo has failed to pay or to timely pay contributions owed to Plaintiffs, accruing since at least August 2014.  Pursuant to the Master Agreement, Bubalo agreed that in the event Bubalo failed to pay or to timely fringe benefit contributions or otherwise comply with the terms and provisions of the Master Agreement and related Trust Agreements, Bubalo would be considered delinquent with Plaintiffs and would pay Plaintiffs the greater of $25.00 per month or ten percent (10%) of the total amount then due as liquidated damages for each delinquency.

22.     Pursuant to section 502(g)(2) of ERISA [29 U.S.C. § 1132(g)(2)], in any action by a fiduciary in which judgment is found in favor of the plan, the Court shall award the plan:(i) the unpaid contributions, (ii) interest on the unpaid contributions, (iii) an amount equal to the greater of (a) interest on the unpaid contributions or (b) liquidated damages provided for under the plan in an amount not in excess of 20% (or such higher percentage as may be permitted under federal or state law) of the amount determined by the Court to be unpaid contributions, (iv) reasonable attorneys' fees and costs, and (v) such other legal or equitable relief as the Court deems appropriate. For purposes of section 502(g)(2) of ERISA [29 U.S.C. § 1132(g)(2)], interest on unpaid contributions shall be determined by using the rate provided under the plan or,

**COMPLAINT**

1364815

if none, the rate prescribed under section 6621 of the Internal Revenue Code of 1986, as amended, 26 U.S.C. § 6621.

23.     Pursuant to the Master Agreement, related Trust Agreements, and Section 502(g)(2)(C) of ERISA [29 U.S.C. § 1132(g)(2)(C)], Bubalo owes Plaintiffs liquidated damages in an amount currently unknown to Plaintiffs that will be established by proof.

24.     Pursuant to the Master Agreement, related Trust Agreements, and Section 502(g)(2)(B) of ERISA [29 U.S.C. § 1132(g)(2)(B)], Bubalo owes Plaintiffs interest from the respective due dates on all unpaid fringe benefit contributions.  The exact amount of interest owed by Bubalo to Plaintiffs will be established by proof.

25.     By the Master Agreement and related Trust Agreements, Bubalo agreed to pay Plaintiffs all legal costs and audit costs in connection with the collection of any delinquency, whether incurred before or after litigation is commenced.

26.     It has been necessary for Plaintiffs to incur auditing costs and engage legal counsel for the purpose of collecting said contributions and damages, and Plaintiffs are entitled to their reasonable auditing costs and attorneys' fees in connection therewith pursuant to the Master Agreement, Trust Agreements, and Section 502(g)(2)(D) of ERISA [29 U.S.C. § 1132(g)(2)(D)].  The exact amount of the auditing costs and legal fees due and payable has not been ascertained at this time. These amounts shall be established by proof.

27.     Pursuant to Section 502(g)(2)(E) of ERISA [29 U.S.C. § 1132(g)(2)(E)], the Court may grant such other legal or equitable relief as the Court deems appropriate.  As part of Plaintiffs' judgment, Plaintiffs' shall request the Court to:

(A)     Order Bubalo to post and deliver either a good faith deposit, or a performance bond issued in favor of Plaintiffs in an amount determined by the Court to be appropriate, and

(B)     Order the creation of a constructive trust on all applicable property and order the transfer of the applicable property to Plaintiffs, and

8

COMPLAINT

1364815

(C)    Order Bubalo to pay to Plaintiffs all amounts due to Plaintiffs, including, but not limited to, the unpaid contributions, other damages for breach of contract, legal fees, audit costs, and other expenses and damages incurred.

## SECOND CLAIM FOR RELIEF

### *Breach of Contract (Settlement Agreement)*

28.    Plaintiffs hereby incorporate by reference paragraphs 1 through 27 inclusive of sub-paragraphs, to the same effect as if set forth verbatim.

29.    On or about April 4, 2019, Bubalo entered into a written settlement agreement ("Settlement Agreement") with Plaintiffs to resolve a dispute over Bonita's failure to pay fringe benefit contributions and related amounts owed to Plaintiffs pursuant to the Master Agreement and related Trust Agreements based on its Monthly Reports for October 2018 through February 2019, and the Audit.  A true and correct copy of the Settlement Agreement is attached hereto as **Exhibit "A,"** and the terms and provisions of which are incorporated herein as if set forth in full.

30.    Pursuant to the Settlement Agreement, Bubalo admitted owing to the Plaintiffs the principal amount of $154,112.84.  Bubalo agreed to pay $150,420.06 to resolve the Plaintiffs' claim, plus interest on the declining balance, at the rate of eight percent (8%) per annum accruing from April 30, 2019, until the balance was paid in full.  Bubalo agreed to pay the principal sum of $150,420.06, plus eight percent interest, by paying $50,000.00 on or before April 8, 2019, $33,920.65 on or before April 30, 2019, $33,920.95 on or before May 30, 2019; and $33,920.66 on or before June 30, 2019, until all principal and interest due under the Settlement Agreement was paid in full.  The Settlement Agreement also required Bubalo to continue to timely report and pay fringe benefit contributions to Plaintiffs pursuant to the Master Agreement and Trust Agreements.  Bubalo agreed that if it breached the Settlement Agreement by failing to timely pay the monthly installments, and/or failing to adhere to the Bubalo's ongoing monthly contribution obligations under the Master Agreement, and subsequently failed to time cure any such breach, then the entire

9

1364815

balance due under the Settlement Agreement would become immediately due and owing, and Plaintiffs would have the right to file a lawsuit against Bubalo to collect all amounts owed under the Settlement Agreement, Master Agreement, Trust Agreements and ERISA, including attorneys' fees and costs.

31. Bubalo breached the Settlement Agreement on May 20, 2019, when it failed to submit its Monthly Report and pay the fringe benefit contributions owed for work performed by its employees during the month of April 2019. Plaintiffs provided proper notice of the breach to Bubalo pursuant to the terms of the Settlement Agreement. Bubalo failed to timely cure the breach, resulting in default under the Settlement Agreement. As of the date of this complaint, at least $33,643.84 remains due and owing to Plaintiffs under the Settlement Agreement.

32. Bubalo has since paid the Monthly Report for April 2019, but has failed to pay the associated liquidated damages and interest due related to that April 2019 Monthly Report, and it has also failed to submit and pay its Settlement Agreement installment payment due on June 30, 2019, as well as the liquidated damages and interest due pursuant to its late paid June 2019 Monthly Report.

33. There is no pending unsatisfied condition subsequent or legal excuse for Bubalo's failure to comply with the terms of the Settlement Agreement.

34. As a result of Bubalo's breach of the Settlement Agreement, Plaintiffs have suffered damages including but not limited to the following: compensatory damages, pre-judgment interest, attorneys' fees and costs, and such other and further relief as will be proved at the time of trial, or that the court may deem proper.

## **PRAYER**

**WHEREFORE**, Plaintiffs pray for judgment against Bubalo as follows:

1. For unpaid fringe benefit contributions in the sum of at least $33,643.84, plus additional amounts as proved;

2. For liquidated damages in amounts as proved;

3. For interest in amounts as proved;

COMPLAINT

1364815

4.      For auditing costs and reasonable attorneys' fees and costs of suit incurred, in amounts as proved;

5.      For such additional relief as this Court deems just and proper, including, but not limited to, the following:

5.1    An Order for the creation of a constructive trust on all applicable property, and an Order for the transfer of the applicable property to Plaintiffs; and

5.2    For a good faith deposit or performance bond in favor of Plaintiffs in an amount equal to the total amount determined by this Court to be due to Plaintiffs, as proved.


Dated:  July 29, 2019               Respectfully Submitted,

                                    LAQUER URBAN CLIFFORD & HODGE LLP

                                    By: /S/ Susan Graham Lovelace
                                        SUSAN GRAHAM LOVELACE
                                        Counsel for Plaintiffs, Trustees of the Operating
                                        Engineers Pension Trust, et al.


## WAIVER OF JURY TRIAL

Plaintiffs hereby waive a jury trial in this action.


Dated:  July 29, 2019               LAQUER URBAN CLIFFORD & HODGE LLP

                                    By: /S/ Susan Graham Lovelace
                                        SUSAN GRAHAM LOVELACE
                                        Counsel for Plaintiffs, Trustees of the Operating
                                        Engineers Pension Trust, et al.

1364815

**COMPLAINT**